IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3104-FL

MATTHEW LEE STARKE,                    )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )                    ORDER
                                       )
JANE WEATHERLY, DISTRICT               )
ATTORNEY, SCRAM, WAKE COUNTY           )
DETENTION CENTER, WAKE                 )
COUNTY PUBLIC DEFENDERS'               )
OFFICE, and WAKE COUNTY                )
SHERIFF'S DEPARTMENT,                  )
                                       )
                    Defendants.[1]     )

    Plaintiff, a former state pretrial detainee proceeding pro se, commenced the instant civil

rights action by filing a complaint asserting claims for violations of his civil rights pursuant to 42

U.S.C. § 1983.   The matter is before the court for initial review of plaintiff's complaint pursuant

to 28 U.S.C. § 1915(e)(2)(B) and on plaintiff's motion to appoint counsel (DE 3).

    The court begins with plaintiff's motion to appoint counsel.   There is no constitutional

right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for

pro se civil litigants "only in exceptional cases."   Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.

1975).   The existence of exceptional circumstances justifying appointment of counsel depends

upon "the type and complexity of the case, and the abilities of the individuals bringing it."

Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v.

---

[1]      It is apparent from the body of the complaint that plaintiff included defendants Wake County Public
Defenders' Office and Wake County Sheriff's Office.   The court will direct the clerk to amend the docket to reflect
the addition of these defendants.

<u>U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296 (1989) (quoting <u>Branch v. Cole</u>, 686 F.2d 264, 265 (5th Cir. 1982)); <u>see also</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied.

The court next turns to the initial review of plaintiff's complaint. Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009).

Here, plaintiff alleges defendants violated his First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. (Compl. (DE. 1) at 6). Plaintiff's complaint is not the model of

clarity, but it appears he makes the following allegations. Defendant Jane Weatherly ("Weatherly"), his assigned public defender, did not communicate with him regarding his underlying criminal case, and she refused to file motions he requested. (Pl.'s Aff. (DE 1-1) at 2–4). Defendant unnamed district attorney sought an excessive bail, contacted witnesses unrelated to the underlying criminal case, and filed unsupported charges. (Id. at 1–2, 4). Defendant Wake County Detention Center did not provide plaintiff his legal mail and held him on an excessive bond. (Id. at 3-3). Defendant SCRAM, an electronic monitoring system, told plaintiff his ankle monitor was dead and needed to be charged, but the ankle monitor indicated it was fully charged. (Id. at 3). As a result, plaintiff was arrested. (Id.).

Plaintiff provides no factual allegations against defendants Wake County Public Defenders' Office, and Wake County Sheriff's Office. Thus, plaintiff has failed to "state a claim to relief that is plausible on its face" regarding these defendants. See Iqbal, 556 U.S. at 678.

Moreover, defendants Wake County Public Defenders' Office, Wake County Sheriff's Office, and Wake County Detention Center are not "persons" subject to suit under § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989); Virginia Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 188–89 (4th Cir. 2005) (jail building is not a "person" subject to suit under § 1983); Gibson v. Harrison, No. 5:15-CT-3055-FL, 2017 WL 4126980, at *7 (E.D.N.C. Sept. 18, 2017) (holding the Wake County Sheriff's Department is not an entity amenable to suit under § 1983); Strickland v. Wake Cty. Ct. of Justice, No. 5:15-CT-3218-D, 2016 WL 6068210, at *3 (E.D.N.C. Sept. 13, 2016) (holding the Wake County Public Defender's Office is not a "person" subject to suit under § 1983).

Defendant Weatherly, an attorney with the Wake County Public Defender's Office, is not

a state actor subject to suit under § 1983. See Polk Cty. v. Dodson, 454 U.S. 312, 324–25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Regarding defendant SCRAM, a private company, plaintiff has not made the requisite showing that an official policy or custom caused the alleged constitution violations. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) ("[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.").

Plaintiff's individual capacity claims against the unnamed district attorney performing core prosecutorial functions are barred by prosecutorial immunity. See Safar v. Tingle, 859 F.3d 241, 248–49 (4th Cir. 2017). Plaintiff's official capacity claims against this defendant are barred by sovereign immunity. See Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006).

## CONCLUSION

Based on the foregoing, plaintiff's motion to appoint counsel (DE 3) is DENIED, and this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to amend the docket as provided in footnote one and to close this case.

SO ORDERED, this the 30th day of November, 2022.

Louise V. Flanagan
LOUISE W. FLANAGAN
United States District Judge

4